other portions of the ten acres, with her consent, was entirely consistent with her claim that he held title for her, and it is sufficient to say that no fact or circumstance found by the court below was inconsistent with that claim. As we are of opinion that the facts found, and which ought to have been found on the uncontradicted testimony in the case, clearly established a resulting trust, it is immaterial to consider the question of the husband's insolvency at the time he executed the trust by making the conveyance to his wife. If he was trustee, he could execute the trust, whether solvent or insolvent.

The decree of the court below is reversed and the bill dismissed with costs.

---

## Phillips, Appellant, v. Kleinman.

Argued May 1, 1911. Appeal, No. 69, Oct. T., 1911, by plaintiffs, from decree of C. P. No. 4, Allegheny Co., Third Term, 1909, No. 851, in Equity, setting aside conveyance of real estate in case of Ferd H. Phillips, Trustee of the Estate of Edward Clarence Kleinman, Bankrupt, v. Emma Kleinman, Edward Clarence Kleinman and Thomas F. Garrahan. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Bill in equity to have a conveyance of real estate set aside as being in fraud of creditors. Before SWEARINGEN, P. J.

See Phillips v. Kleinman, ante, p. 571.

*Stone & Stone* and *Wilson & Evans,* for appellant.

*Frederic Walsingham Miller,* for appellee.

OPINION BY MR. JUSTICE BROWN, July 6, 1911:

The dismissal of this appeal follows the reversal of the decree. Appeal dismissed at appellant's costs.